IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| VICTORIA SCOTT, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 08-0443-CV-W-HFS |
| COACH, INC., | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

Plaintiff, a shopper at defendant's store, complains of race discrimination in processing her credit card, used to purchase merchandise. She contends that she observed two white customers purchase goods with credit cards without being asked by the cashier to produce identification. Another cashier required her to produce identification before completing a credit card purchase, which she attributes to bias or race-based stereotyping because she is an African American. Differential treatment will be assumed, for present purposes.

Defendant seeks summary judgment. Various contentions are made by defendant about differences between plaintiff's situation and the probable situation of the white customers. Assuming the worst, however, and that the cashier treated plaintiff as financially suspect because she was an African American, I conclude that such discriminatory treatment of a shopper is not actionable in this court, according to the Court of Appeals. Gregory v. Dillard's, Inc., 565 F.3d 464 (8th Cir. en banc, 2009).

Plaintiff has "the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). She also has a nondiscriminatory right to purchase goods. 42 U.S.C. § 1982. The majority of the Court of Appeals ruled, however, that discriminatory

surveillance and watchfulness does not qualify the embarrassed victim for making a claim. The interference, to be actionable, must go "beyond the mere expectation of being treated without discrimination while shopping".[*] 565 F.3d at 470. The purchase by plaintiff was not "thwarted" by defendant and thus the statutes in issue have not been violated. Id. at 471.

Regarding a possible violation of public accommodations rights under Missouri law, the Gregory court ruled that a novel question of state law was presented, and that the dismissal of the state law claims should have been without prejudice. 565 F.3d at 477. Plaintiff here seeks a remand.

The issue is whether, having disposed of the Federal claim, this court should, as a matter of discretion, exercise supplemental jurisdiction. My reading of Gregory is that it favors leaving questionable issues of Missouri law to the Missouri courts. One issue, as in Gregory, is whether defendant's store should be considered to be a place of public accommodation. Gregory rejected the district court ruling that would bar Missouri litigation of that question.

If clear issues of Missouri law would dispose of the case there is little reason to remand for further proceedings. Defendant contends the untimeliness of plaintiff's filing can be ruled here, based on Hammond v. Municipal Correction Institute, 117 S.W.3d 130 (Mo. App. W.D. 2003) (not applying the tolling provisions of Rule 44.01(e) to save litigation brought under the Missouri Human Rights Act). In a subsequent case, however, Rule 44.01(a) was used to keep litigation in court. Morris v. Bissinger, 272 S.W.3d 441 (Mo. App. E.D. 2008). Although Morris distinguishes Hammond, it cites authority for the use of Rule 44.01, and is arguably inconsistent with Hammond. There is sufficient question so that the Missouri courts should best resolve the timing issue.

---

[*]The Gregory misconduct was distinctly more serious than that alleged here.

2

Defendant also argues that the alleged discriminatory conduct here should not become a jury question, under summary judgment practice. This is also an issue that can be ruled with more authority by the Missouri Circuit Court.

It is therefore ORDERED that summary judgment is granted to defendant on the Federal statutory claims, and the case is remanded to the Circuit Court of Jackson County, Missouri, under Case Number 0816-CV00603, to resolve issues of Missouri law. The Clerk is directed to remand this case twenty days from this date. SO ORDERED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

October 26, 2009

Kansas City, Missouri